FILED

SEP 22 2011

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

2011 SEP 22  P 3: 51

# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VIRGINIA
### (RICHMOND DIVISION)

**TERRY HARRIS**
2234 Merle Street
Richmond, VA 23231

        **Plaintiff,**

  v.

                                   Civil Action No.10-  **3:11CV632**

**C.T. Woody, Sheriff**
**City of Richmond Sheriff's Office**
**1701 Fairfield Way**
**Richmond, Virginia 23223**

        **Defendant.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CIVIL COMPLAINT

    NOW COMES Plaintiff, Terry Harris, Pro Se, and files this civil complaint for damages and declaratory relief as follows:

### JURISDICTION AND VENUE

1.     This is an action authorized and instituted pursuant to the Title VII of the 1964 Civil Rights Act, as amended by 1991, hereinafter "Title VII;" and, the Americans with Disability Act, hereinafter referred to as "ADA;" Plaintiff is also asserting a pendent state law claim.

2.     Jurisdiction is proper because the events giving rise to these claims are of a federal question.

3.     Venue is proper because the events giving rise to the claims occurred in this judicial district.

### PARTIES

4.     "Plaintiff" Terry Harris is a United States citizen and resides in the State of

1

Virginia.

5.     Plaintiff is a member of a protected classification because of her gender, "female" as defined by Title VII. Additionally, Plaintiff is an "employee" as defined in accordance with the ADA.

6.     C.T. Woody, Sheriff, and the City of Richmond Sherriff's Office hereinafter "Defendant" is an employer as defined in accordance with Title VII and the ADA.

## ADMINISTRATIVE PROCEDURES

7.  Plaintiff initiated a Charge of Discrimination with the U.S. EEOC against Defendant on January 26, 2009.

8.  On October April 28, 209, Plaintiff initiated an amendment to her Charge of Discrimination to include retaliatory termination.

9.  The U.S. Department of Justice issued its decision regarding Plaintiff's administrative complaint.

9.  Plaintiff, therefore, has exhausted her administrative requirements in accordance with 29 CFR 1601.28 and invokes her right and timely files this civil action.

## FACTS COMMON TO ALL COUNTS

Plaintiff was hired on September 6, 2006 as a Deputy Sheriff. Her last job evaluation was conducted in January 2009 and was very good. In March 2009, Plaintiff was informed by several co-workers that Lieutenant Lewis wanted them to keep a close eye on everything Plaintiff did. In April 2009, Plaintiff filed a harassment complaint against Lieutenant Lewis. Near the end of June 2009, Plaintiff was issued a written warning. Plaintiff was subsequently placed on a thirty (30) day probationary period. On July 31, 2009, Plaintiff left work and went to the emergency room. She was subsequently

2

informed that she needed to see her physician immediately.  On August 3, 2009, Plaintiff

was placed on medical leave by her physician until October 5, 2009. On or about August

0, 2009, Plaintiff requested paperwork to file a grievance complaint; however, it never

was issued.  On September 29, 2009, Plaintiff's physician released her to return to full

and gainful employment. However, on October 5, 2009, she was discharged.

## COUNT I
### DISPARATE TREATMENT
### IN VIOLATION OF THE ADA & TITLE VII

14. Plaintiff re-states the allegations of the preceding paragraphs and incorporates them

by reference herein.

15.  Plaintiff avers that she suffered discrimination based upon her disability when

Defendant denied her a reasonable accommodation to continue light duty assignment and

was terminated from employment.

16. Plaintiff avers that she suffered discrimination based upon her gender when

Defendant treated her differently than similarly-situated male employees.

17. Plaintiff avers that Defendant harbored discriminatory animus towards her in the

terms and conditions of her employment.

18.  As a result of the above-stated actions, Plaintiff has suffered economic and non-

economic damages.

## COUNT II
### RETALIATION IN
### VIOLATION OF THE ADA & TITLE VII

19. Plaintiff re-states the allegations of the preceding paragraphs and incorporates them

by reference herein.

20. Plaintiff engaged in protected activity when she filed a discrimination complaint

3

against Defendant with the U.S. EEOC.

21. Plaintiff avers that Defendant subjected her to adverse actions when it retaliated against her by terminating her employment.

22. As a direct result of Defendant's discriminatory practices, Plaintiff has sustained economic and non-economic damages as manifested in a loss of appetite, insomnia and weight loss.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays** that this Honorable Court grant her the following relief, namely:

    (i)      That this Court determines that the employment practices complained of in this Complaint are unlawful in that they violate the ADA and Title VII.

    (ii)     That Defendant pays Plaintiff a sum in excess of $300,000 for compensatory damages, back pay, interest and emotional distress.

    (iii)    That Defendant reinstate Plaintiff to her former position.

    (iv)    That Defendant be enjoined from engaging in any further acts of discrimination.

    (v)     That Defendant pays Plaintiff's costs and expenses and reasonable attorney's fees incurred in this action.

    (vi)    That this Court grants other and such further relief to the Plaintiff as it deems just and proper.

4

## JURY DEMAND

Plaintiff demands a trial by jury on all claims set forth herein.

Respectfully submitted:

Terry L. Harris
1701 Fairfield Way
Richmond, Virginia
23223

5